UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| Ivan Lopez,<br><br>          Plaintiff,<br>v.<br><br>Rentgrow, Inc.,<br><br>          Defendant. | Civil Action No.:<br><br>**COMPLAINT** |

For this Complaint, Plaintiff, Ivan Lopez, by undersigned counsel, states as follows:

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

2. Jurisdiction is proper pursuant to 28 U.S.C. § 1331.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4. Plaintiff, Ivan Lopez ("Plaintiff"), is an adult individual residing in Schaumburg, Illinois and is a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5. Defendant, Rentgrow, Inc. ("Rentgrow") is a Massachusetts business entity with an address of 307 Waverly Oaks Road, Suite 301, Waltham, Massachusetts 02452. Rentgrow is a consumer reporting agency as the term is defined by 15 U.S.C. § 1681(a)(f) and a reseller as the term is defined by 15 U.S.C. § 1681(a)(u). Rentgrow regularly engages in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of

furnishing consumer reports, as defined by 15 U.S.C. § 1681(a)(d), to third parties.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

6. In October of 2019, Plaintiff applied for an apartment with North 680 Apartments in Schaumburg, Illinois.

7. On October 26, 2019, Plaintiff paid the application and service fee and the move in date was listed as October 28, 2019.

8. Defendant performed a background screening report, which included a criminal records search, and furnished the results to North 680.

9. Upon North 680's receipt of the report, Plaintiff was denied the apartment.

10. According to the report, Plaintiff was charged with an Assault/Kidnapping Felony.

11. However, the information provided by Defendant to North 680 is inaccurate, as the crimes reported are related to Ivan James Lopez. Plaintiff is not Ivan James Lopez.

12. The inaccurate report contains damaging information to Plaintiff's character and reputation.

13. In addition to being denied an apartment with North 680, which left Plaintiff homeless and forced to reside in a hotel, Plaintiff has suffered actual damages in the form of harm to reputation and emotional distress, including anxiety, frustration, embarrassment and humiliation.

14. Defendant failed to take any steps to verify the accuracy of the information contained in Plaintiff's report before furnishing it to North 680.

15. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent

disregard of federal law.

## COUNT I
## VIOLATIONS OF THE FCRA 15 U.S.C. § 1681, et seq.

16. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

17. 15 U.S.C. § 1681e(b) provides that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates."

18. Defendant violated §§ 1681e(b) of the FCRA by failing to follow reasonable procedures to assure maximum accuracy of the information contained in its report and by failing to verify the accuracy of the information contained in its report.

19. 15 U.S.C. § 1681k(a) provides that "[a] consumer reporting agency which furnishes a consumer report for employment purposes and which for that purpose compiles and reports items of information on consumers which are matters of public record and are likely to have an adverse effect upon a consumer's ability to obtain employment shall – (1) at the time such public record information is reported to the user of such consumer report, notify the consumer of the fact that public record information is being reported by the consumer reporting agency, together with the name and address of the person to whom such information is being reported; or (2) maintain strict procedures designed to insure that whenever public record information which is likely to have an adverse effect on a consumer's ability to obtain employment is reported it is complete and up to date. . . ."

20. Defendant violated § 1681k(a) by failing to notify Plaintiff at the time it submitted its report to North 680 that the report contained public record information indicating that Plaintiff had a criminal record, or alternatively, by failing to maintain strict procedures

3

designed to ensure that said information was complete and up to date.

21. These failures directly caused North 680 to reject Plaintiff, which has damaged Plaintiff.

22. As a result of Defendant's violations of §§ 1681e(b) and 1681k(a) of the FCRA, Plaintiff is entitled to damages, costs, and attorney's fees pursuant to 15 U.S.C. §§ 1681n and 1681o.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendants:

1. Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(B);

2. Actual damages pursuant to 15 U.S.C. § 1681o(a)(1);

3. Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

4. Attorneys' fees and costs pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and

5. Such other and further relief as may be just and proper.

### TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: November 21, 2019

Respectfully submitted,

By  */s/ Sergei Lemberg*
Sergei Lemberg, Esq.
LEMBERG LAW, L.L.C.
43 Danbury Road, 3rd Floor
Wilton, CT 06897
Telephone: (203) 653-2250
Facsimile: (203) 653-3424
Attorneys for Plaintiff

5